**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TSEMBEL OCHIRBAT, AKA Tsednjav Chinzoring, | No. 13-70737 |
| Petitioner, | Agency No. A200-884-050 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2018[**]
Seattle, Washington

Before: RAWLINSON and CHRISTEN, Circuit Judges, and FREUDENTHAL,[***] Chief District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

Tsembel Ochirbat,[1] a native and citizen of Mongolia, petitions for review of a final order of removal from the Board of Immigration Appeals (BIA). The BIA dismissed Ochirbat's appeal of an immigration judge's (IJ's) order denying his applications for asylum and withholding of removal under the Immigration and Nationality Act and for protection under the Convention Against Torture (CAT).

**1.** "An IJ may grant a motion for a continuance 'for good cause shown.'" *An Na Peng*, 673 F.3d 1248, 1253 (9th Cir. 2012) (quoting 8 C.F.R. § 1003.29). The IJ accepted as true Ochirbat's statement that he participated as a witness in the police investigation, even without corroboration. Ochirbat does not explain how the nature or content of the police report would countervail the inconvenience to the court of granting a second continuance and rescheduling his August 1, 2011 hearing so he could try to procure it. Ochirbat also sought a continuance so he could obtain a statement by his friend describing Enkhbaatar's inquiries about Ochirbat's whereabouts. But Ochirbat did not furnish any details of what his friend's statement would say. Whether Ochirbat would be successful in obtaining the statement, or whether it would in fact substantiate his claims for relief was, as the IJ concluded, "entirely speculative." The IJ did not abuse its discretion by

---

[1] Petitioner's name is alternately spelled "Ochirbat" and "Orchibat" throughout the briefing and administrative record. We use "Ochirbat" to conform with the spelling of Petitioner's name in the case caption.

denying a continuance and finding Ochirbat's application for asylum was untimely filed.

**2.** The REAL ID Act's credibility standard governs this case. 8 U.S.C. § 1158(b)(1)(B)(iii). Under the REAL ID Act, an IJ must "present a reasoned analysis of the evidence as a whole," *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (internal citation and quotation marks omitted), and "provide a specific cogent reason for the adverse credibility finding," *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (internal citation and quotation marks omitted). Under the deferential substantial evidence standard, we may only reverse an IJ's credibility determination if the evidence compels a contrary result. *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010).

The IJ based his credibility finding on unexplained inconsistencies in Ochirbat's testimony, including Ochirbat's equivocation when identifying how many times Enkhbaatar allegedly threatened him and where he was when Enkhbaatar did so. The IJ also noted that Ochirbat could not provide any details of Enkhbaatar's trial, nor had he offered corroborating documentation or affidavits supporting his assertion that Enkhbaatar had become a man of prominence in Mongolia. The adverse credibility determination was supported by substantial evidence.

**3.** Even if credited, Ochirbat's evidence does not support his application for withholding of removal. Ochirbat did not cite any authority suggesting that one or two vague threats can amount to past persecution. Because his testimony does not compel the conclusion that it is "more likely than not" he would suffer persecution on account of his participation in a police investigation of government corruption, substantial evidence supports the IJ's determination that Ochirbat is ineligible for withholding of removal. *See Ling Huang v. Holder*, 744 F.3d 1149, 1152, 1156 (9th Cir. 2014).

**4.** Because Ochirbat did not present evidence or testimony that it was "more likely than not" the Mongolian government would torture him or acquiesce in his torture if he returned, substantial evidence supports the BIA's determination that Ochirbat is ineligible for protection under CAT. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).

**PETITION DENIED**.